JOSEPH R. RE (SB# 134479)
jre@kmob.com
STEPHEN C. JENSEN (SB# 149894)
sjensen@kmob.com
JOSEPH S. CIANFRANI (SB# 196186)
jcianfrani@kmob.com
PAYSON J. LEMEILLEUR (SB# 205690)
plemeilleur@kmob.com
KNOBBE, MARTENS, OLSON
& BEAR, LLP
2040 Main St., 14th Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

MARK T. PALIN (SB# 135398)
mpalin@aalrr.com
ATKINSON, ANDELSON, LOYA,
RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA 90703
Telephone:  (562) 653-3200
Facsimile:  (562) 653-3488

Attorneys for Defendant,
MASIMO CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RUHE and VICENTE CATALA, <br><br> Plaintiffs, <br><br> v. <br><br> MASIMO CORPORATION, and DOES 1 to 100, inclusive, <br><br> Defendants. | Civil Action No. <br> SACV 11-00734 CJC (MLGx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MASIMO CORPORATION'S *EX PARTE* APPLICATION TO CONTINUE HEARING ON MOTION TO CONFIRM ARBITRATION AWARD** <br><br> Honorable Cormac J. Carney |

Pursuant to Local Rule 7-19, Defendant Masimo Corporation hereby submits this *Ex Parte* Application for the Court to issue an Order that continues Plaintiffs' Motion to Confirm Arbitration Award (Dkt. Nos. 29-31) so that it may be heard on March 31, 2014, along with Masimo's soon-to-be-filed motion to vacate that same Arbitration Award.

Pursuant to L.R. 7-19.1, Masimo sought to resolve the need for this application and informed Plaintiffs of its intent to file it.  Palin Decl. ¶ 3.  At that same meet and confer, Masimo also discussed with Plaintiffs its motion to vacate the Arbitration Award.  *Id*.

This Application is based upon the argument contained herein, the Declarations of Joseph R. Re and Mark T. Palin, and the exhibits attached thereto.  A Proposed *Ex Parte* Order is also lodged herewith.

### A. Procedural Background

On September 16, 2011, this Court stayed this case pending arbitration. Dkt. No. 28.  On January 15, 2014, the Arbitrator rendered his Final Arbitration Award.  The Parties received the Final Award the following day, and late that evening, Plaintiffs emailed Masimo requesting to meet and confer on Plaintiffs' Motion to Confirm the Arbitration Award.  Palin Decl. ¶ 2, Ex. 1.  Masimo responded, explaining that, pursuant to JAMS Rule 24, the award would not be final until January 30, 2014 (14 days after service).  *Id*.  Mr. Palin, Masimo's counsel, explained that Masimo was currently studying the award and hoped to be prepared to meet and confer with Plaintiffs the following week.  *Id*.  The parties never spoke again before Plaintiffs filed their Motion to Confirm on January 31, 2014, one day after the award became final.  *Id*.  Masimo intends to move to vacate the Arbitrator's award and has already met and conferred with Plaintiffs on that Motion.  *Id*. ¶ 3.

/ / /

/ / /

- 1 -

### B. Motions to Confirm and Vacate Should Be Heard Together

Under the Federal Arbitration Act, 9 U.S.C. § 9, the Court cannot grant an order confirming an arbitration award if "the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." Pursuant to 9 U.S.C. § 12, Masimo has three months from the time the Arbitrator delivered his award on January 16, 2014, to serve a notice of a motion to vacate the award. However, Masimo does not intend to wait three months to do so. Rather, Masimo is currently reviewing the award and preparing its motion to vacate. Re Decl. ¶ 4.

Plaintiffs' race to have the Court confirm the award before this Court can consider and rule on Masimo's motion to vacate does not serve the interests of justice or promote judicial economy. Moreover, both the Federal Arbitration Act and the California Code of Civil Procedure, upon which Plaintiffs based their Motion to Confirm (*see* Dkt. No. 29), authorize Masimo to file a motion to vacate. *See* 9 U.S.C. §§ 10, 12; C.C.P. § 1285. Thus, Masimo seeks an order continuing Plaintiffs' Motion to Confirm so it could be heard along with Masimo's motion to vacate.

Plaintiffs maintain that Masimo should simply oppose Plaintiffs' Motion to Confirm, rather than file a separate motion to vacate. Palin Decl. Ex. 2. However, Masimo is entitled to file its motion to vacate separate and apart from any motion to confirm. *See* 9 U.S.C. §§ 10, 12; C.C.P. § 1285. Moreover, Masimo would be unfairly prejudiced by not being able to file a reply brief in support of its motion to vacate the arbitration award.

Furthermore, the Federal Arbitration Act contemplates that this Court can stay enforcement proceedings where the adverse party moves to vacate. *See* 9 U.S.C. § 12; *see, e.g.*, *Marsillo v. Geniton*, No. 03-CV-2117 (TPG), 2004 WL 1207925 at *4 (S.D.N.Y. June 1, 2004) ("A stay of proceedings to confirm an arbitration award is contemplated only in order to permit consideration of

- 2 -

motions to vacate, modify or correct an award. 9 U.S.C. § 12."). Thus, it makes perfect sense that courts consider motions to vacate even after the filing of motions to confirm. *See, e.g., Kim-C1, LLC v. Valent Biosciences Corp.*, 756 F. Supp. 2d 1258, 1261 (E.D. Cal. 2010) (considering motion to vacate filed after a motion to confirm); *Weiner v. Original Talk Radio Network Inc.*, 10-CV-05785 (YGR), 2013 WL 1856568, at *5 (N.D. Cal. May 2, 2013) (same); *In re Arbitration Between Regan Holding Corp. & Legacy Mktg. Grp., Inc.*, 02-CV-01738 (WHA), 2002 WL 1733729, at *2 (N.D. Cal. July 12, 2002) (same). Accordingly, the appropriate procedure is to have the motions heard together as Masimo requests.

### C. Masimo Requests a March 31, 2014 Hearing Date

Masimo requests that the hearing date on both Motions be set for March 31, 2014. Masimo's good cause for selecting such a date is to allow time to complete briefing on its motion to vacate and to accommodate the schedule of its lead trial counsel, Joseph R. Re. Mr. Re has an arbitration trial in San Francisco for Masimo beginning on March 3, 2014, the day Plaintiffs noticed their Motion to Confirm. Re Decl. ¶ 2. In addition, on March 11, Mr. Re is to be lead counsel in a patent trial before Judge Selna of this Court that may continue to the following week. *Id.* ¶ 3. Thus, to allow Mr. Re's participation on the reply briefing on Masimo's motion to vacate and to conduct the oral argument on both parties' Motions, Masimo requests that they both be heard on March 31, 2014. *Id.* ¶ 4.

### D. Masimo Had To Seek Relief By *Ex Parte* Application

Masimo seeks this relief by way of an *ex parte* application because Masimo would be irreparably prejudiced if its request were submitted according to a regularly noticed motion. *See Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiffs' Motion is currently scheduled to be heard before this Court could hear a regularly noticed

- 3 -

motion for continuance. Masimo would also suffer additional irreparable prejudice if the Court were to confirm the arbitration award before considering Masimo's motion to vacate.

Masimo did not cause the need for *ex parte* relief. *Mission Power*, 883 F. Supp. at 492. The Arbitrator's award became final on January 30, 2014. Masimo has not had a reasonable amount of time to review the award and prepare its briefing on its motion to vacate. Masimo in good faith informed Plaintiffs when it hoped to be able to meet and confer on Plaintiffs' Motion. Palin Decl. ¶ 2. However, Plaintiffs never again contacted Masimo's counsel to conduct such a meet and confer before filing their Motion. *Id*. Thus, Masimo was unable to propose any consolidated briefing schedule to the Court before Plaintiffs filed their motion. Plaintiffs filed their Motion only one day after the arbitration award became final, forcing Masimo to seek the current *ex parte* relief for a reasonable schedule to bring its motion to vacate.

Moreover, Masimo is without fault in causing the need for *ex parte* relief. It met and conferred with Plaintiffs in an effort to avoid the need for this Application. *Id*. ¶ 3. During that meet and confer, Masimo sought Plaintiffs' agreement on a briefing and hearing schedule for both of the parties' motions. *Id*. Plaintiffs' counsel refused to discuss any proposals, stating that Plaintiffs did not need any extra time beyond the normal seven days provided under the Local Rules to oppose Masimo's motion to vacate and that Masimo should simply file its *ex parte* application. *Id*.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 4 -

1    Therefore, Masimo respectfully requests that Plaintiffs' Motion to
2 Confirm the Arbitration Award be heard on March 31, 2014, along with
3 Masimo's motion to vacate that same award.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  February 3, 2014          By: /s/ Joseph R. Re
    Joseph R. Re
    Stephen C. Jensen
    Joseph S. Cianfrani
    Payson J. LeMeilleur

Attorneys for Defendant,
MASIMO CORPORATION

17158853