KATHRYN BURKETT DICKSON (SBN: 70636)
kathy@dicksongeesman.com
EMILY A. NUGENT (SBN: 255048)
emily@dicksongeesman.com
DICKSON GEESMAN LLP
1999 Harrison Street, Suite 2000
Oakland, CA 94612
Tel:  (510) 899-4670

SCOTT BONAGOFSKY (SBN: 190255)
scott@bw-lawyers.com
BONAGOFSKY & WEISS
111 Deerwood Road, Suite 200
San Ramon, CA 94583
Tel: (925) 831-4835

ATTORNEYS FOR PLAINTIFFS
MICHAEL RUHE AND VICENTE CATALA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RUHE, and VICENTE CATALA, | Case No.: SACV11-734 CJC (MLGx) |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING MASIMO'S *EX PARTE* APPLICATION TO CONTINUE HEARING ON MOTION TO CONFIRM ARBITRATION AWARD** |
| vs. | |
| MASIMO CORPORATION, and DOES 1 to 100, inclusive, | |
| Defendants. | **Court:   Hon. Cormac J. Carney** |

1

**I.       INTRODUCTION.**

Plaintiffs Michael Ruhe and Vicente Catala oppose Masimo's *ex parte* application to continue the hearing on Plaintiff's motion to confirm the final arbitration award.  Masimo has failed to show good cause for the continuance, which would unnecessarily delay this prolonged proceeding even further. Granting Masimo's continuance request would also result in multiple duplicate briefs and arguments, increasing the expenditure of the court's resources as well as the time and money spent by the parties.  These consequences contravene federal and state policies favoring arbitration as a more expedient and less expensive alternative to judicial proceedings.

The fact that one of Masimo's seven senior lawyers is unavailable for the March 3rd hearing is not good cause for a continuance under the circumstances. The lawyer whose unavailability is cited, Mr. Re, had no involvement in the two and a half years of extensive proceedings since this Court first sent this case to arbitration.  He associated in on the case only yesterday, February 3rd.  Any of Masimo's many other high-level attorneys of record -- from three major law firms, Knobbe Martens Olson & Bear; Atkinson Andelson, Loya, Ruud & Romo; and Paul Hastings -- is perfectly capable of handling any hearing which takes place.  It is also possible, if not likely, that the motion to confirm would be decided on the papers, as such motions often are, rather than through a hearing.

Finally, the cases Masimo cites do not justify the relief the company seeks here.  On the other hand, there are cases the company fails to cite, which support the rejection of Masimo's bid for delay.

**II.      ARGUMENT.**

Masimo proposes that six briefs, rather than three, be filed on the issue of whether the Arbitrator's detailed Final Award should be confirmed or vacated.

MEM. OF PTS. & AUTHS. OPPOSING MASIMO'S EX PARTE APP. TO CONTINUE
HEARING ON MOTION TO CONFIRM ARBITRATION AWARD

The continuance request contemplates three briefs on the current motion to confirm:  Plaintiff's Opening Brief; Masimo's Opposition Brief; and Plaintiff's Reply Brief.  The company says it intends to file a separate motion to vacate which will entail three briefs as well:  Masimo's Opening Brief; Plaintiff's Opposition Brief; and Masimo's Reply Brief.  All of these briefs will address the same issues -- whether the Final Award should be confirmed or vacated.  This is wasteful.

As the court stated in *Catz American Co., Inc. v. Pearl Grange Fruit Exchange, Inc.* (SDNY 1968) 292 F.Supp. 549, "A separate motion . . . to vacate the arbitrators' award is not necessary. Such relief may properly be requested in the papers submitted in opposition to a motion to confirm an arbitrators' award." 292 F.Supp. at 551, citing *The Hartbridge* (2d Cir.1932) 57 F.2d 672.

Masimo's claim of "prejudice" rings hollow.  The company claims it will suffer irreparable prejudice if the Court were to grant the motion to confirm without considering its motion to vacate.  As the court noted in *Catz,* no such irreparable prejudice will occur because Masimo must raise all the same arguments in its opposition to the motion to confirm.

Mr. Re's schedule provides even less reason to delay the motion to confirm. As noted above, he has never participated in this case prior to yesterday.  The company has a legion of capable lawyers to prepare its briefs and attend a hearing -- if one is even held.  The rules set out in 9 U.S.C. sections 6, 9, and 12 "further the Act's policy of expedited judicial action because they prevent a party who has lost in the arbitration process from filing a new suit in federal court and forcing relitigation of the issues." *See O.R. Securities,* 857 F.2d at 746.  "Moreover, the district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony." *Id.* at 746 n.3; *Legion Insurance Co. v. Insurance General Agency, Inc.* (5th Cir. 1987) 822 F.2d

MEM. OF PTS. & AUTHS. OPPOSING MASIMO'S EX PARTE APP. TO CONTINUE
HEARING ON MOTION TO CONFIRM ARBITRATION AWARD

541, 543; *Booth v. Hume Publishing, Inc.* (11th Cir. 1990) 902 F.2d 925, 932.

Furthermore, Masimo has failed to inform the Court that the arguments it intends to raise in its motion to vacate (and in its opposition to the motion to confirm) were briefed during the arbitration and are addressed by the Arbitrator in the Final Award.  Because Masimo has briefed and argued these issues previously, it does not need extra time to prepare its brief to oppose the motion to confirm.

The prejudice here is to Plaintiffs, if the Court grants Masimo's requested continuance.  It has been three years since this case was filed and two and a half years since it was sent to "final and binding" arbitration.  The plenary arbitration hearings ended almost a year ago.  The Interim Award on the merits was issued in October 2013, and the Final Award adding punitive damages issued on January 15, 2014.  Masimo repeatedly attempted to delay the proceedings below, and particularly the issuance of the Final Award. *See, e.g.,* Final Award, Docket No. 30, Exh. A at pp.2-3, 31-34, including a finding that "Arbitration was imposed on [Plaintiffs] by [Masimo's] choice.  Arbitration is intended to be expeditious. [Masimo] has instead sought to delay and drag out the proceedings." *Id.* at p.34. Continuing in the same vein before this Court, Masimo now wants the briefing and hearing on the motion to confirm further extended.  Enough is enough.

## III.   CONCLUSION.

For the reasons outlined, Plaintiffs urge the Court to deny Masimo's *ex parte* request for a continuance.  One set of briefs is enough.


DATED:  February 4, 2014                 DICKSON GEESMAN LLP


By: */s/ Kathryn Burkett Dickson*
     KATHRYN BURKETT DICKSON
     Attorneys for Plaintiffs MICHAEL RUHE
     and VICENTE CATALA

MEM. OF PTS. & AUTHS. OPPOSING MASIMO'S EX PARTE APP. TO CONTINUE
HEARING ON MOTION TO CONFIRM ARBITRATION AWARD